Citation Nr: 1452651 
Decision Date: 11/28/14 Archive Date: 12/02/14

DOCKET NO. 10-40 576A ) DATE
 )
 )

On appeal from the
Department of Veterans Affairs Regional Office in Jackson, Mississippi


THE ISSUE

Entitlement to service connection for a left shoulder disorder.


ATTORNEY FOR THE BOARD

A. Gibson, Associate Counsel



INTRODUCTION

The Veteran served on active duty from October 1990 to January 1993.

This matter comes before the Board of Veterans' Appeals (Board) on appeal from an April 2008 rating decision of the Department of Veterans Affairs (VA) Regional Office (RO) in Jackson, Mississippi.

The Board remanded this claim in May 2014 and November 2012 for additional development.


FINDING OF FACT

With resolution of all reasonable doubt in his favor, the Veteran's left shoulder disability, diagnosed as degenerative joint disease of the left shoulder and disorders of bursae and tendons in shoulder region, is related to his active service. 


CONCLUSION OF LAW

The criteria to establish service connection for a left shoulder disability are met.
38 U.S.C.A. §§ 1110, 5107 (West 2002); 38 C.F.R. §§ 3.102, 3.303 (2014). 


REASONS AND BASES FOR FINDING AND CONCLUSION

Service connection may be granted for any disease diagnosed after discharge, when all the evidence, including that pertinent to service, establishes that the disease was incurred in service. 38 C.F.R. § 3.303(d). As a general matter, service connection for a disability requires evidence of: (1) the existence of a current disability; (2) the existence of the disease or injury in service, and; (3) a relationship or nexus between the current disability and any injury or disease during service. Shedden v. Principi, 381 F.3d 1163 (Fed. Cir. 2004).

The medical evidence reflects that the Veteran has a left shoulder disability, diagnosed as degenerative joint disease of the left shoulder and disorders of bursae and tendons in shoulder region. See January 2013 VA examination report.

The Veteran served on active duty from October 1990 to January 1993. In December 1992, he hurt his left shoulder overstretching while playing basketball, and complained of mild pain. He had full range of motion, and the impression was muscle strain. He was to avoid using his left arm when carrying heavy objects for 3 to 7 days. In January 1993, at a separation examination, he complained of left shoulder pain. It was noted he experienced pain after strenuous activity, but that it had spontaneously resolved. The Veteran also reports an earlier injury, wherein his left shoulder was drawn backward and became stuck in that position. He reported that he needed assistance to forwardly rotate the shoulder and that he was in a sling for two weeks.

Following service, the Veteran alleges that he had continual and persistent pain in the shoulder, but that he did not seek medical attention until later upon the urging of his wife. He alleges multiple treatment appointments while incarcerated, and was able to submit a copy of one slip from October 2008 noting tenderness and limited range of motion. Multiple requests by VA to the Mississippi Department of Corrections have not been unanswered. A July 2011 VA treatment record notes a questionable "old ac/distal clavicle joint trauma." An October 2011 VA treatment provider noted that shoulder X-rays were normal, and that he possibly had tendonitis. Another VA provider in October 2011 noted that the radiological reports could not entirely exclude trauma from the distal clavicle and AC joint. A January 2012 record suggests that his cervical pain is related to his shoulder pain.

In January 2013 the Veteran was afforded a VA examination to determine the etiology of the current left shoulder disability, and the examiner determined that it was less likely than not that the Veteran's current shoulder disorders were related to, caused by, incurred in, or related to any incident of active duty service. 

Subsequently, the Board in May 2014 remanded the case again to afford the Veteran an additional VA examination or opinion. The examiner in June 2014 again determined that the Veteran's left shoulder disability was not likely related to his service. 

The VA examination opinions that have been obtained are inadequate for adjudicatory purposes because the examiner relies on an absence of medical records showing treatment or complaints to find that a relationship to service is less likely. The examiner also discounted the Veteran's statements regarding an additional injury in service, for which there is no documentation, as well as his assertion that he has had persistent pain in his left shoulder since service. Dalton v. Nicholson, 21 Vet. App. 23 (2007). VA is precluded from finding lay evidence not credible solely on the basis of a lack of substantiating medical documentation. Buchanan v. Nicholson, 451 F.3d 1331 (Fed. Cir. 2006). Moreover, to the extent that the opinion misstates his symptom history, it is based upon an inaccurate factual premise and is of no probative value. See Reonal v. Brown, 5 Vet. App. 458, 461 (1993). In addition, to the extent that the examiner appeared to be looking for a specific event or trauma in service as the cause of the condition, such is not required. Moreover, the examiner did not address what intervening event could have happened to cause this Veteran's shoulder pain or his current diagnosis. Thus, the opinions are not only inadequate, but also assigned little or no probative weight. See Monzingo v. Shinseki, 26 Vet. App. 97, 107 (2012) ("even if a medical opinion is inadequate to decide a claim, it does not necessarily follow that the opinion is entitled to absolutely no probative weight.") 

Further development of the claim could be undertaken so as to obtain an additional medical opinion clarifying the etiology of the Veteran's left shoulder disability. 
Nonetheless, the Veteran, as a layperson, may be competent on a variety of matters concerning the nature and cause of disability. Jandreau v. Shinseki, 492 F.3d 1372, 1377 n.4 (Fed. Cir. 2007). Moreover he is without a doubt competent to report that he experienced shoulder pain during service and that it has existed from service to the present. See 38 C.F.R. § 3.159(a)(2); Charles v. Principi, 16 Vet. App 370, 374 (2002). However, once the threshold of competency is met, the Board must consider how much of a tendency a piece of evidence has to support a finding of the fact in contention. Not all competent evidence is of equal value. 

His assertions in this case are credible and supported by the in-service and post-service treatment records. In addition, the medical evidence shows that the Veteran's current left shoulder disability is productive of pain. Thus, the Board finds that the Veteran's lay assertions that his diagnosed shoulder disabilities are related to his in-service injury has some tendency to make a nexus more likely than it would be without such an assertion. See Lynch v. Ne. Reg'l Commuter R.R. Corp., 700 F.3d 906, 915 (7th Cir. 2012) ("[E]xpert testimony may be necessary where some special expertise is necessary to draw a causal inference because of its esoteric nature, but that in general the causal sequence can be inferred from circumstantial evidence, expert testimony, or common knowledge."); Moody v. Maine Cent. R.R. Co., 823 F.2d 693, 695-96 (1st Cir. 1987) (expert testimony not required if the connection between the negligence and the injury is fairly self-evident, such as that a broken leg would result from being struck by a motor vehicle). 

In light of the above, the Board finds the following evidence should be afforded the greatest amount of weight: (1) the Veteran's medical evidence of a current disability, (2) his documented in-service shoulder complaints, (3), the lack of any evidence of an intervening event and (4) his competent and credible history of relevant symptoms during and ever since service discharge. Given the absence of any intervening injury and the Veteran's competent and credible lay assertions, the evidence tends to show that the current condition is more likely than not the same condition that caused the Veteran's complaints in service. Although a lay person (including a lay adjudicator) is not always competent to relate past symptoms to a current diagnosis, in this case it is within the competence of the lay veteran and the lay adjudicator to reach that conclusion based upon the overall factual picture including the length of time and the observable nature of the symptoms. See Kahana v. Shinseki, 24 Vet. App. 428, 438 (2011) (Lance, J., concurring) (noting that "any given medical issue is either simple enough to be within the realm of common knowledge for lay claimants and adjudicators or complex enough to require an expert opinion").
 
Under the benefit of the doubt rule, where there exists "an approximate balance of positive and negative evidence regarding the merits of an issue material to the determination of the matter," the Veteran shall prevail upon the issue. Ashley v. Brown, 6 Vet. App. 52, 59 (1993); see also Massey v. Brown, 7 Vet. App. 204, 206-207 (1994). Resolving all reasonable doubt in the Veteran's favor, the Board concludes that service connection for a left shoulder disability has been established. 38 U.S.C.A. § 5107; 38 C.F.R. § 3.102; Gilbert v. Derwinski, 1 Vet. App. 49 (1990).

ORDER


Service connection for a left shoulder disability is granted.


____________________________________________
B. W. HENNINGS
Veterans Law Judge, Board of Veterans' Appeals



Department of Veterans Affairs